UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

KENG JURAI,

    Plaintiff,

v.

GOOGLE LLC, et al.,

    Defendants.

Case No. 25-cv-07093-LB

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 32

### INTRODUCTION

The court granted Google LLC's prior motion to dismiss because the plaintiff's claims against it stemmed from a previously settled case (No. 3:24-cv-07984-LB) and were therefore barred by res judicata.[1] The court gave the plaintiff leave to supplement the complaint with new discriminatory acts by Google that he could not have pleaded in the settled case, and the plaintiff did so, asserting claims for discrimination and retaliation under 42 U.S.C. § 1981 (claims two and five) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (claims one and four), and violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 (claims three and six).[2] Google moved to dismiss, contending that the plaintiff relies on pre-settlement

---

[1] Order – ECF No. 28; Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Suppl. Compl. – ECF No. 31.

ORDER – No. 25-cv-07093-LB

allegations, did not exhaust administrative remedies for his Title VII and ADEA claims, and failed to plead facts showing intentional discrimination or causation for his § 1981 claims.

The court grants the motion for the reasons advanced by Google and dismisses the plaintiff's § 1981 discrimination claim with leave to supplement the complaint by February 2, 2026, with facts supporting intentional discrimination by Google and the plaintiff's qualifications for non-driver positions. The remaining claims against Google are dismissed with prejudice because amendment would be futile.

**STATEMENT**

The court's prior order summarizes the plaintiff's initial case against Google (No. 3:24-cv-07984-LB) and the May 2025 settlement.[3]

The plaintiff — age forty and a United States citizen born in Thailand — is a professional project manager with a Master of Business Administration (MBA) in project management and is qualified as a driver through his "CDL with Class B license and ten years of experience."[4] Between October 2023 and October 2025, the plaintiff applied for driver positions with Google through Storer Transportation Service (Google's operator of transportation services) and was rejected.[5] Between October 2022 and November 2025, he applied for other positions he was qualified for with Google but was denied employment, including positions as a (1) Program Manager, (2) Data Center Security Manager, (3) Technical Program Manager, (4) Support and Logistics Section Manager, (5) Senior Data Center Services Manager, (6) Regional Workplace Service Manager, (7) Strategy Lead, (8) Global Strategy and Operations Manager, (9) Campus Security Manager, (10) Associate, Regional Security Operations Manager, (11) Risk, Compliance, and Governance Specialist, (12) Global Transportation Operations Manager, (13) Campus Planner, (14) Vendor Operations Manager, (15) Site Facilities Operations Manager, (16) Data

---

[3] Order – ECF No. 28 at 2–3.

[4] Suppl. Compl. – ECF No. 31 at 4 (¶ 11), 7 (¶ 20).

[5] *Id.* at 4–5 (¶¶ 11–12, 14).

Center Construction Technical Program Manager, (17) YouTube Partner Operations Manager, and (18) Business Program Manager.[6]

The plaintiff alleges that Google refused to hire him "but-for" his age, race, citizenship, and filing of the 2024 EEOC charge and prior lawsuit, instead hiring non-Thai applicants and noncitizen workers with H-1B visas.[7] Google hired about 8,440 workers with H-1B visas in 2022, 5,465 in 2023, 5,364 in 2024, and 5,552 in 2025.[8]

The parties consented to magistrate-judge jurisdiction. 28 U.S.C. § 636(c). The court can decide the motion without argument. Civil L.R. 7-1(b).

## LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts as true the complaint's factual allegations and construes them in the light most favorable to the plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The issues are whether the plaintiff's pleading of facts occurring before the May 2025 settlement are barred by res judicata, whether the plaintiff exhausted the administrative remedies

---

[6] *Id.* at 7–17 (¶¶ 21, 23, 25, 27–28, 31, 34, 37, 40, 43, 45, 50, 53–54).

[7] *Id.* at 4–13 (¶¶ 11–19, 22, 24, 26–29, 33, 36, 38, 42), 15–18 (¶¶ 47–48, 50–55).

[8] *Id.* at 7–9 (¶¶ 21, 24, 26–28), 11–13 (¶¶ 33, 36, 39, 42), 15–18 (¶¶ 47, 50–54).

for his Title VII and ADEA claims, and whether he has pleaded plausible § 1981 claims. Resolution of these issues goes Google's way.

First, the plaintiff does not dispute that his allegations about pre-settlement conduct do not support valid claims but are instead "references" used as background.[9] To the extent that any of the plaintiff's claims are based on pre-settlement conduct, they are barred by res judicata.[10]

Second, the plaintiff's Title VII and ADEA claims are barred for failure to exhaust his administrative remedies. The plaintiff contends — conflictingly — both that "[t]he post-May 2025 failures to hire are distinct, new acts that require a new charge" and that his new allegations about Google's retaliation and failures to hire him are connected to the original charge and saved by the continuing violation doctrine.[11] Google responds that the plaintiff's supplemental allegations are not reasonably related to the 2024 EEOC charge because it involved Storer Transportation Service (not Google) and a different third-party vendor and occurred almost two years after the events in the 2024 EEOC charge.[12]

A plaintiff must exhaust ADEA and Title VII claims by filing a written charge with the EEOC or a qualifying state agency. 42 U.S.C. § 12177(a); *Scott v. Gino Morena Enters.*, 888 F.3d 1101, 1104 (9th Cir. 2018) (Title VII claims) (citing 42 U.S.C. § 2000e-5); *Gamble v. Kaiser Found. Health Plan, Inc.*, 348 F. Supp. 3d 1003, 1013 (N.D. Cal. 2018) (ADEA claims) (citing 29 U.S.C. § 626(d)). Allegations of discrimination not included in the plaintiff's administrative charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (cleaned up), *abrogated on other grounds by Fort Bend County v. Davis*, 587 U.S. 541 (2019). Courts consider "such factors as the alleged basis of the discrimination, dates of

---

[9] Opp'n – ECF No. 37 at 5; Mot. – ECF No. 32 at 8.

[10] Order – ECF No. 28.

[11] Opp'n – ECF No. 37 at 5–6; Reply – ECF No. 39 at 4. The plaintiff may have implied that Google's raising of the exhaustion issue was untimely. Even if he intended to do so, Google timely raised the issue because the plaintiff first asserted his Title VII and ADEA claims in the supplemental complaint. Reply – ECF No. 39 at 3.

[12] Reply – ECF No. 39 at 2–4; Right-to-Sue Letter, Ex. B to Compl. – ECF No. 1 at 12 (alleging incidents from October 2023 to January 2024).

discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003).

Here, the plaintiff has not submitted an EEOC charge naming any post-settlement incidents, and any such incidents are not reasonably related to the incidents in the 2024 EEOC charge because they occurred at least a year and six months apart and the EEOC's investigation ended on June 4, 2025, one month after the settlement.[13] *See id.* at 645 ("The EEOC could not have investigated [an] incident because it had not yet happened at the time the EEOC was conducting its investigation."). The continuing violation doctrine does not excuse the plaintiff's failure to exhaust because he has not plausibly pleaded a pattern or practice of discrimination by Google, only isolated incidents.[14] *See Cherosky v. Henderson*, 330 F.3d 1243, 1246 (9th Cir. 2003) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002))). The plaintiff cites *Paul G. v. Monterey Peninsula Unified School District* for the proposition that dismissal for non-exhaustion is premature at the pleading stage, but it does not say so.[15] 933 F.3d 1096 (9th Cir. 2019). Even if it did, amendment would not cure these exhaustion issues. The plaintiff's Title VII and ADEA claims are therefore barred for failure to exhaust administrative remedies and dismissed with prejudice.

Third, the plaintiff has not plausibly pleaded a claim for discrimination under § 1981.[16]

Google asserts that the plaintiff's allegations are conclusory and provide no details supporting his qualifications for the positions he applied for or how Google intentionally discriminated

---

[13] Reply – ECF No. 39 at 3 (making these points).

[14] *Id.* at 4 n.3.

[15] Opp'n – ECF No. 37 at 6.

[16] The plaintiff invoked the *McDonnell Douglas* framework for assessing his claims, but at this stage, "the ordinary rules for assessing the sufficiency of a complaint apply." *Austin v. Univ. of Or.*, 925 F.3d 1133, 1137 (9th Cir. 2019) (Title IX context) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 514 (2002)); Opp'n – ECF No. 37 at 7.

against him.[17] The plaintiff responds that his pleadings create an inference of discrimination because of Google's "ongoing pattern" of rejecting him despite his qualifications, Google's "known preference for H-1B visa holders from certain countries, and statistical disparity in hiring of U.S. citizens of Thai origin."[18]

To state a § 1981 discrimination claim against a private defendant, a plaintiff must allege that (1) he is a member of a racial group, (2) some contractual right with the defendant was impaired, (3) the defendant intentionally discriminated against him based on race, and (4) his race was a but-for cause of the contractual impairment. *Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1279 (C.D. Cal. 2024) (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020)). For both race discrimination and retaliation claims, "a plaintiff must prove that the defendant acted against him with discriminatory intent." *Stones v. L.A. Cmty. Coll. Dist.*, 796 F.2d 270, 272 (9th Cir. 1986) (citing *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982) ("§ 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination")).

Outside of the allegations that Google denied him positions "but-for his Thai race," the plaintiff pleaded no other facts supporting discriminatory intent.[19] While he points to statistics showing Google's number of H1-B hires between 2022 and 2025, he does not provide other individual or circumstantial evidence supporting a plausible claim.[20] *See Williams v. McDonough*, No. 2:20-cv-10074-SPG-PD, 2022 WL 18214015, at *11 (C.D. Cal. Nov. 7, 2022) ("To establish a prima facie case based solely on statistics . . . the statistics must show a stark pattern of discrimination unexplainable on grounds other than race." (cleaned up)). The plaintiff's only support that he was qualified for non-driving positions is that he has an MBA in project management, which does not explain how he is qualified for every position he applied for.[21] Any supplement that the plaintiff

---

[17] Reply – ECF No. 39 at 4–5.

[18] Opp'n – ECF No. 37 at 7.

[19] Reply – ECF No. 39 at 4–5.

[20] Opp'n – ECF No. 37 at 6–7; Reply – ECF No. 39 at 5.

[21] Reply – ECF No. 39 at 4–5.

files should further explain his qualifications for any non-driver position.[22]

Finally, the plaintiff has not plausibly pleaded a § 1981 claim for retaliation. To state a prima facie case of retaliation, a plaintiff must show that she engaged in a protected activity under the statute, her employer subjected her to an adverse employment action, and there is a causal link between these two events. *Vasquez*, 349 F.3d at 646. Temporal proximity between the protected activity and adverse action may establish a causal link. *Flores v. City of Westminster*, 873 F.3d 739, 750 (9th Cir. 2017) ("[D]epending on the circumstances, three to eight months is easily within a time range that can support an inference of retaliation."). If a plaintiff relies solely on temporal proximity, the timing must be "very close." *Williams v. Tucson Unified Sch. Dist.*, 316 F. App'x 563, 564 (9th Cir. 2008); *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (citing cases determining that three- and four-month periods were insufficient).

The only issue the parties dispute is whether the plaintiff has established causation through temporal proximity of a protected action (the EEOC charge or prior lawsuit) to Google's rejecting him as an applicant for employment. The plaintiff asserts that the temporal proximity of the 2024 EEOC charge, his prior lawsuit, and the settlement to Google's repeated rejections between June and November 2025 supports causation.[23] Google counters that the plaintiff has not shown causation because the events he cites occurred months before any post-settlement rejection and, even the settlement were sufficiently close in time, courts do not measure temporal proximity from a settlement.[24]

The plaintiff has not identified an adverse employment action sufficiently close to a protected action to plausibly plead causation: he filed the EEOC charge in May 2024 and the prior lawsuit in November 2024, and any incidents of retaliation not barred by res judicata would have occurred after May 2025, making at least a six-month gap.[25] While the plaintiff points to the proximity of the May 2025 settlement to rejections by Google in June 2025, the court could identify no

---

[22] *See* Statement.

[23] Opp'n – ECF No. 37 at 7–8.

[24] Reply – ECF No. 39 at 5–6.

[25] *Id.*; Right-to-Sue Letter, Ex. B to Compl. – ECF No. 1 at 12.

authority treating the settlement of a claim as a protected activity.[26] Without any protected activity occurring near a post-settlement rejection, the plaintiff cannot establish causation, and amendment would be futile for the retaliation claim.

## CONCLUSION

The court grants the motion and dismisses the plaintiff's § 1981 discrimination claim with leave to supplement the complaint by February 2, 2026, with facts supporting intentional discrimination by Google and the plaintiff's qualifications for non-driver positions. The plaintiff should not file an amended complaint and instead should file a supplement with any new facts. The supplemented complaint is then the operative complaint for a responsive pleading. The remaining claims against Google are dismissed with prejudice because amendment would be futile. This resolves ECF No. 32.

**IT IS SO ORDERED.**

Dated: January 8, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[26] Reply – ECF No. 39 at 6.