United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

KENG JURAI,

        Plaintiff,

    v.

GOOGLE LLC, et al.,

        Defendants.

Case No. 25-cv-07093-LB

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO DECLARE THE PLAINTIFF A VEXATIOUS LITIGANT**

Re: ECF Nos. 48, 53, 58

**INTRODUCTION**

The court granted Google LLC's prior motion to dismiss because the plaintiff failed to plausibly plead § 1981 discrimination claim (containing only conclusory allegations about discriminatory intent his qualifications for non-driver positions) and his remaining claims were dismissed with prejudice as barred by res judicata (stemming from a previously settled case: No. 3:24-cv-07984-LB).[1] The court gave the plaintiff leave to supplement the complaint with additional facts supporting his § 1981 claim, and he did so.[2] Google moves to dismiss because the supplemental allegations are conclusory and the plaintiff has not plausibly pleaded discriminatory intent or his qualifications. Google also moves to name the plaintiff a vexatious litigant for his

---

[1] Order – ECF No. 42. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Suppl. Compl. – ECF No. 44.

ORDER – No. 25-cv-07093-LB

frivolous filings against it and moves for a protective order preventing similar filings until the court decides the motion to dismiss.

The court grants the motion to dismiss for the reasons advanced by Google and dismisses the § 1981 claim with prejudice. The court denies the motion to deem the plaintiff a vexatious litigant because a warning that additional, similar filings may warrant a finding of vexatiousness is a more narrowly tailored response. The motion for a protective order is moot.

## STATEMENT

The plaintiff holds multiple degrees: a master's degree in business administration and bachelor's degrees in technical management and project management.[3] He has over eight years of experience "in portfolios or program management or project management."[4] He was a "Senior Operations & Program Management Leader and Project Manager with 8+ years of progressive experience in logistics, construction, transportation, vendor management, workplace services, facilities operations, and mission-critical infrastructure (data centers, manufacturing, industrial environments)."[5]

The plaintiff applied for multiple positions with Google after May 2025, including positions for data-center security manager and program manager of environmental health, safety, and data center operations in August 2025; YouTube partner-operations manager and technical-program manager in October 2025; strategy and operations lead, business-program manager, program manager II, central headcount and operations position, senior data-center services manager, and support and logistics section manager in November 2025; and regional strategy operations manager in December 2025.[6]

---

[3] *Id.* at 2–3 (¶¶ 2–4).

[4] *Id.* at 3 (¶ 5).

[5] *Id.* at 4 (¶ 6).

[6] *Id.* at 5–13 (¶¶ 9–29).

ORDER – No. 25-cv-07093-LB                         2

The plaintiff alleges that he was rejected from each of these positions and that Google "illegally discriminated" against him by hiring H-1B holders instead.[7] The plaintiff alleges that for several of these positions, he was rejected "but-for his being a U.S. citizen."[8] Google's applications stated that it "will be prioritizing applicants who have valid working rights in Thailand and do not require Google's sponsorship for a visa" and asked, "Do you currently need, or will you someday require, Google to sponsor work authorization for you to work in the country of employment?"[9]

## STANDARD OF REVIEW

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It may fail by lacking a cognizable legal theory or sufficient facts under one. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). The court accepts factual allegations as true and construes them in the light most favorable to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). But allegations must state a plausible claim. *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

The issues are whether the plaintiff has plausibly pleaded discriminatory intent by Google (supporting his § 1981 discrimination claim) and whether the plaintiff should be deemed a vexatious litigant. The answer to both questions is no.

### 1. Motion to Dismiss

The plaintiff has not plausibly pleaded discriminatory intent by Google.

[7] *Id.*
[8] *Id.* at 5 (¶ 9), 8–9 (¶¶ 18–19), 12–13 (¶ 28–29).
[9] *Id.* at 5–9 (¶¶ 9, 13, 18–19), 12–13 (¶¶ 28–29).

ORDER – No. 25-cv-07093-LB                3

To state a § 1981 discrimination claim against a private defendant, a plaintiff must allege that (1) he is a member of a racial group, (2) some contractual right with the defendant was impaired, (3) the defendant intentionally discriminated against him based on race, and (4) his race was a but-for cause of the contractual impairment. *Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1279 (C.D. Cal. 2024) (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020)). For both race discrimination and retaliation claims, "a plaintiff must prove that the defendant acted against him with discriminatory intent." *Stones v. L.A. Cmty. Coll. Dist.*, 796 F.2d 270, 272 (9th Cir. 1986) (citing *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982) ("§ 1981, like the Equal Protection Clause, can be violated only by purposeful discrimination.")).

To show discriminatory intent, the plaintiff points to (1) allegations that "but-for" his race and citizenship, Google rejected his applications, (2) Google's asking about an applicant's need for sponsorship on job applications, and (3) allegations made for the first time in his opposition that Google has engaged in fraud by falsely certifying and submitting a labor condition application. None of his arguments are persuasive.

The allegations that Google "illegally discriminated" against the plaintiff by hiring H-1B holders instead of him and that Google rejected him "but-for his being a U.S. citizen" are conclusory.[10] The statement and question about sponsorship on Google's applications do not show discriminatory intent.[11] The Office of Special Counsel for Immigration-Related Unfair Employment Practices issued a technical assistance letter advising employers that it "recommends that employers wishing to inquire about sponsorship limit their question to that topic, without asking specifically about immigration status."[12] The plaintiff does not dispute that the language cited in Google's applications conforms with this advice.[13]

---

[10] *Id.* at 5–13.

[11] *Id.* at 5–9 (¶¶ 9, 13, 18–19), 12–13 (¶¶ 28–29).

[12] Office of Special Counsel, Department of Justice, Technical Assistance Letter (Sep. 6, 2013), https://www.justice.gov/sites/default/files/crt/legacy/2013/09/11/171.pdf.

[13] Reply – ECF No. 52 at 4 (making this point).

ORDER – No. 25-cv-07093-LB                4

The plaintiff asserts for the first time in his opposition that Google "fraudulently certified LCA and H-1B visa process by intentionally falsifying the statement to USDOL and USCIS."[14] Because this allegation is not in the pleadings, the court does not consider it. *Schneider v. Cal. Dept. of Corrs.*, 151 F.3d 1194, 1198 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss").

The court dismisses the plaintiff's § 1981 discrimination claim with prejudice because even after amendment, his allegations about Google's discriminatory intent are not plausibly pleaded. With no remaining claims, Google's motion for a protective order is terminated as moot.

## 2. Vexatious

Google contends that the plaintiff should be declared a vexatious litigant because he has (1) sued Google twice after settling two other related law suits, (2) propounded discovery after agreeing to defer it until after a settlement conference, and (3) made frivolous filings for a temporary restraining order and a motion for default against Google.[15] On this record, the court does not recommend such a finding.

Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). However, "pre-filing orders should rarely be filed" because such orders could impose a "substantial burden on the free-access guarantee" under the First Amendment, "'which is one of the most precious of the liberties safeguarded by the Bill of Rights.'" *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (cleaned up). Such rare instances require that the courts comply with certain procedural and substantive requirements as set forth in *De Long*, 912 F.2d at 1147–48. *Ringgold-Lockhart*, 761 F.3d at 1062.

---

[14] Opp'n – ECF No. 51 at 4.

[15] Mot. – ECF No. 58.

United States District Court
Northern District of California

Orders restricting a person's access to the courts may be issued only after a litigant has had an opportunity to oppose the order and the court has made substantive findings as to the frivolous or harassing nature of the litigant's actions. *See De Long*, 912 F.2d at 1147–48. The order must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived. *See id.*; *cf. In re: Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (prefiling orders precluding a litigant from proceeding with an appeal may be imposed only when (1) the appeal is patently insubstantial or clearly controlled by well settled precedent; or (2) the facts presented are fanciful or in conflict with facts of which the court may take judicial notice).

A pre-filing "injunction cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). The plaintiff's claims must not only be numerous but also be patently without merit. *See id.*

While there appears to be no objectively reasonable basis for filing cases against Google for conduct occurring after the May 2025 settlements, the plaintiff's filings have not been sufficiently numerous to justify a pre-filing injunction, and a warning that additional, similar filings may warrant a finding of vexatiousness is a more narrowly tailored response.

### CONCLUSION

The plaintiff's § 1981 claim for discrimination is dismissed with prejudice. The court denies Google's motion to declare the plaintiff a vexatious litigant, but similar filings by the plaintiff in the future may warrant that response. The motion for a protective order is terminated as moot.

**IT IS SO ORDERED.**

Dated: May 14, 2026

_____
LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California